FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 29, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZACHARY FAIRLEY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PASCO; BENTON COUNTY (BOARD OF COMMISSIONERS); SEAN GRANGER; JUSTIN GREENHALGH; AND JAMES RAYMOND,<br><br>Defendants. | No.   2:20-cv-05229-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

Before the Court, without oral argument, are Defendants City of Pasco, Sean Granger, Justin Greenhalgh, and James Raymond's (together, "City Defendants") Motion to Dismiss, ECF No. 19, and Defendant Benton County's Motion to Dismiss, ECF No. 25. Plaintiff failed to respond to either motion, and so this matter is now ripe for review. *See* ECF No. 26; LCivR 7.1. Having reviewed the relevant record, the Court is fully informed and grants the motions to dismiss.

//

//

//

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS – 1

## BACKGROUND

Construed liberally, *pro se* Plaintiff's First Amended Complaint asserts claims under 42 U.S.C. § 1983, alleging that Defendants violated his Fourth and Fourteenth Amendment Rights in the course of investigating a bomb threat made by a different person. *See* ECF No. 14 at 5–7. Specifically, he alleges that in the summer of 2013, Detective Greenhalgh performed a forensic search of a cellphone without a warrant and that Plaintiff had a right of privacy in the cell phone's contents even though it was not his cell phone. *Id.* at 6. Further, on or about December 31, 2013, Detective Sean Granger of Pasco Police Department took a storage device containing the contents of the forensic search to Benton County Sherriff's Detective Larry Smith. *Id.* Detective Smith then performed a warrantless search of the phone's contents using this device. *Id.* The contents recovered on the cell phone were later used to prosecute and convict Plaintiff at a criminal trial on several misdemeanor charges unrelated to the bomb threat. *See id.* Plaintiff, without further explanation, also alleges: (1) wrongful arrest, (2) that the proceedings against him were premised on willfully "fabricated evidence and/or de facto fabricated evidence" in violation of his due process rights, and (3) that Pasco Police Department destroyed exculpatory evidence, which he says was "inextricably linked to the illegally obtained evidence on the phone," violating his rights to due process of law. *Id.* at 7. For these alleged violations, Plaintiff seeks $10 million in

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS – 2

damages. *Id.* at 8.

Plaintiff appealed the conviction. *See* ECF No. 1 at 9–36.[1] On February 18, 2020, the Washington State Court of Appeals found that law enforcement's search of the cell phone went beyond the scope of the court-issued warrant. *Id.* On October 29, 2020, the remaining charges against Plaintiff were dismissed. ECF No. 14 at 7. He filed this action on November 23, 2020. ECF No. 1.

Defendants moved to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6). ECF Nos. 19, 25. Defendants argue that Plaintiff's claims are barred by the statute of limitations. *Id.* On January 25, 2022, City Defendants filed their Reply, noting that Plaintiff had failed to file a response within the deadline prescribed by the Local Rules. ECF No. 26 at 1–3 (citing LCivR 7.1). To date, Plaintiff has filed nothing in response to either of the pending motions to dismiss.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Under this Rule, Plaintiff bears the burden of

---

[1] There is no indication in the record, and Plaintiff does not claim, that he was incarcerated during his trial or appeal.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS – 3

establishing the Court has jurisdiction over defendant. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss the complaint if it "fail[s] to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and draws all reasonable inferences in the plaintiff's favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). Thus, the Court must accept as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the Court may disregard legal conclusions couched as factual allegations. *See id.*

To survive a Rule 12(b)(6) motion, the complaint must contain "*some* viable legal theory" and provide "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 562 (2007) (internal quotation marks and ellipsis omitted). Thus, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists where the complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Id.* Plausibility does not require probability but demands more than a mere possibility of liability. *Id.* While the complaint need not contain detailed factual allegations,

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS – 4

threadbare recitals of a cause of action's elements, supported only by conclusory statements, do not suffice. *Id.* Whether the complaint states a facially plausible claim for relief is a context-specific inquiry requiring the Court to draw from its judicial experience and common sense. *Id.* at 679.

A complaint is subject to dismissal for failure to state a claim if the allegations demonstrated that the relief sought is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199 (2007). Section 1983 contains no statute of limitations. Federal courts therefore look to state law, specifically the state's "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). Here, the applicable Washington statute is RCW 4.16.080(2), which provides a three-year limitations period. *Wyant v. City of Lynnwood*, 621 F. Supp. 2d 1108, 1110 (W.D. Wash. 2008) (citing *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Federal courts must "also borrow state law for the 'closely related question[]' of tolling statutes of limitation." *Id.* (quoting *Wilson v. Garcia*, 471 U.S. 261, 269 (1985).

However, to determine when a civil rights claim accrues, the Court looks to federal, not state, law. *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). "The general rule is that a civil rights claim

accrues under federal law 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Bonelli v. Grand Canyon University*, 28 F.4th 948, 952 (9th Cir. 2022) (quoting *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).

## DISCUSSION

Plaintiff alleges that Defendants violated his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution. With the exception of the construed malicious prosecution claim discussed below, Plaintiff's claims are subject to a three-year statute of limitation. *See* RCW 4.16.080(2). Plaintiff filed his complaint with this Court in November 2020. ECF No. 1. But Plaintiff only alleges violations that occurred in 2013, and Plaintiff gives no reason for the Court to doubt that he knew or had reason to know of these alleged violations shortly after they occurred. At the very least, Plaintiff would have known of the alleged violations by the time of his trial, which would also place Plaintiff's claims outside the three-year statute of limitation. *See* ECF No. 1 at 11 (noting that the Franklin County Superior Court affirmed Plaintiff's convictions on September 6, 2017). Moreover, Plaintiff has not pleaded any facts that would toll the statute of limitations, nor did he respond to the pending motions to dismiss. As such, his claims are barred by the statute of limitations and his complaint must be dismissed.

//

And even if the Court were to construe Plaintiff's Amended Complaint to include a claim for malicious prosecution under the Fourth Amendment, a claim which does not "accrue until criminal proceedings have terminated in the plaintiff's favor," dismissal would be warranted. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). To state a claim for malicious prosecution, Plaintiff must show "(1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution." *Moody v. McCullough*, 2021 WL 1376645, at *7–8 (W.D. Wash. Apr. 12, 2021) (citing *Bender v. City of Seattle*, 99 Wash.2d 582, 593 (1983)). In addition to having to make a sufficient showing on those elements, which are taken from Washington state law, a Washington plaintiff bringing a Section 1983 claim of malicious prosecution must also sufficiently allege that Defendants prosecuted him for the "purpose of denying him equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).

//

//

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS – 7

Ordinarily, the Court presumes that the prosecutor, who is not named as a defendant here, exercises independent judgment in filing charges, and this precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings. *Smiddy v. Varney*, 665 F.2d 261, 266–68 (9th Cir. 1981). "However, the presumption of prosecutorial independence does not bar a § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy*, 368 F.3d 1062, 1067 (9th Cir. 2004). Thus, where the presumption of prosecutorial independence is rebutted, suit may be brought against other persons who wrongfully caused the charges to be filed. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002). Here, however, Plaintiff has failed to allege more than conclusory allegations that Defendant fabricated and destroyed evidence. *See* ECF No. 14 at 6–7.

Finally, regarding Plaintiff's allegations against Benton County and the City of Pasco, the Court finds that Plaintiff has failed to sufficiently establish a theory of municipal liability under Section 1983. Briefly, "municipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance,

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS – 8

regulation, or decision officially adopted and promulgated by that body's officers.'" *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff identifies no such municipal policy, let alone a municipal policy that caused his claimed injury.

Given these apparent deficiencies in Plaintiff's First Amended Complaint, the Court need not address whether Plaintiff has adequately pleaded the remaining elements necessary to establish a malicious prosecution claim or any other claim under Section 1983. Plaintiff's First Amended Complaint will be dismissed for failure to state a claim on which relief can be granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. City Defendants' Motion to Dismiss, **ECF No. 19**, and Defendant Benton County's Motion to Dismiss, **ECF No. 25**, are **GRANTED**.

2. Plaintiffs' First Amended Complaint, **ECF No. 14**, is **DISMISSED WITH PREJUDICE**.

3. All pending motions are **DENIED AS MOOT**.

4. All hearings and other deadlines are **STRICKEN**.

//

//

//

//

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS – 9

**5.** The Clerk's Office is directed to **ENTER JUDGMENT** in favor of Defendants and **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and *pro se* Plaintiff.

**DATED** this 29th day of April 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge